**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 7 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

PIPER L. SNOWTON,

     Plaintiff-Appellant,

v.

PRESBYTERIAN HOSPITAL, INC.,
aka HCA Health Services of
Oklahoma, Inc., aka HCA Presbyterian
Hospital; SOUTH COMMUNITY
HOSPITAL, aka Integris Southwest
Medical Center, Inc.; OKLAHOMA
STATE DEPARTMENT OF
HEALTH; OKLAHOMA COUNTY
HEALTH DEPARTMENT; SYLVAN
N. GOLDMAN CENTER;
OKLAHOMA BLOOD INSTITUTE;
OKLAHOMA INDUSTRIES
AUTHORITY,

     Defendants-Appellees.

No. 03-6017
(W.D. Okla.)
(D.Ct. No. 02-CV-1717-L)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Ms. Piper L. Snowton, acting pro se[1] and *in forma pauperis*, appeals the district court's sua sponte dismissal of her complaint for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B)(ii) (2003).[2] Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

On December 6, 2002, Ms. Snowton filed suit against Presbyterian Hospital, Inc. (a/k/a Health Services of Oklahoma, Inc., a/k/a HCA Presbyterian Hospital), South Community Hospital (a/k/a Integris Southwest Medical Center, Inc.), the Oklahoma State Department of Health, the Oklahoma County Health Department, the Sylvan N. Goldman Center, the Oklahoma Blood Institute, and the Oklahoma Industrial Authority**,** alleging violation of her constitutional and civil rights, personal injuries, mental anguish, and conspiracy. Her claims arise from surgeries she underwent in 1985 and/or 1989, involving possible HIV/AIDS blood

---

[1] We construe Ms. Snowton's pro se pleadings liberally. *Ledbetter v. City of Topeka,* 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] The district court's order erroneously cites to 28 U.S.C. § 1915(d). This provision was amended and renumbered by the Prison Litigation Reform Act of 1995, which provides that the court shall dismiss a § 1915 case at any time for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii). The district court's clerical error is harmless.

contamination. By way of relief, she seeks compensatory and punitive damages of $100,000,000.00 from each Defendant. The district court correctly construed her complaint to assert jurisdiction based on 42 U.S.C. § 1983 (civil rights violation) and 28 U.S.C. § 1331 (diversity of citizenship). Concluding Oklahoma's two-year statute of limitations for personal injury controls both causes of action, the district court dismissed Ms. Snowton's complaint for failure to state a claim upon which relief can be granted. We agree.

Actions under § 1983 are subject to the statute of limitations for personal injury in effect in the state where the alleged violations occurred. *See Garcia v. Wilson,* 731 F.2d 640, 642 (10th Cir. 1984), *aff'd,* 471 U.S. 261 (1985). In Oklahoma, the applicable period of limitation is two years. *Meade v. Grubbs,* 841 F.2d 1512, 1522 (10th Cir. 1988); Okla. Stat. tit. 12, § 95 (2003). The same limitation period governs diversity cases under § 1331. *See Erie R. Co. v. Tompkins,* 304 U.S. 64, 78 (1938). Because Ms. Snowton's complaint, filed in December 2002, arose from injuries alleged to have occurred no later than 1989, her claims are time-barred.

Accordingly, we adopt the reasoning of the district court and **AFFIRM.**

                        **Entered by the Court:**

                        **TERRENCE L. O'BRIEN**
                        United States Circuit Judge