**F I L E D**

**UNITED STATES COURT OF APPEALS**

**AUG 5 2003**

**TENTH CIRCUIT**

---

CHARLES R. GREER,

    Plaintiff - Appellant,

v.

UNITED STATES OF AMERICA,

    Defendant - Appellee.

No. 02-3414
(D.C. No. 01-CV-3210-GTV)
(D. Kansas)

---

**ORDER AND JUDGMENT**[*]

---

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Charles R. Greer, a federal inmate appearing pro se,[1] appeals the dismissal of his complaint brought under the Federal Tort Claims Act ("FTCA"), 28 U.S.C.

---

[*] This order and judgment is not binding precedent except under the doctrines of law of the case, *res judicata* and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

[1] We liberally construe Mr. Greer's pro se appeal. *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).

§§ 1346(b), 2671-2680 (2002).  He seeks damages because his legal papers were lost by prison personnel.  The district court dismissed the named individual defendants from the complaint and substituted the United States as the sole defendant.  Later, it dismissed the complaint for lack of subject matter jurisdiction based upon sovereign immunity.  Mr. Greer presents three issues on appeal.  He claims the court erred:  (1) in dismissing the original named defendants and substituting the United States as the sole defendant; (2) in granting the United States' motion to dismiss for lack of subject matter jurisdiction based on sovereign immunity; and (3) abused its discretion by deciding a jurisdictional motion without an evidentiary hearing.  We exercise jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.

**FACTUAL BACKGROUND**

Mr. Greer was and is incarcerated at the United States Penitentiary at Leavenworth, Kansas ("USP Leavenworth").  While there, he attempted suicide on May 14, 1999.  Following his suicide attempt, Correctional Officer C.E. Hutchison III impounded his personal property.  Mr. Greer was transferred to a medical center and then back to USP Leavenworth on August 16, 1999, where he was placed in a detention unit.  He was released into the general prison

population in September 1999,[2] by an unknown correctional officer(s) who did not return his personal property to him at that time. In late September or early October, 1999, Correctional Officer Michael Gray returned Mr. Greer's personal property. Mr. Greer discovered a twelve inch stack of legal materials, which had been impounded with his other personal property, was missing.

On July 12, 2000, Mr. Greer filed an administrative tort claim with the United States Bureau of Prisons, seeking $811.65 in damages for the negligent loss or disposal of his personal legal documents by prison employees. The Bureau of Prisons offered to settle the alleged property loss for $129.40, the price Mr. Greer paid for copying some of the legal materials. Mr. Greer rejected the proposed settlement. On May 25, 2001, he filed a complaint in United States District Court for the District of Kansas under the FTCA seeking compensatory and punitive damages for the "negligent acts" of several named USP Leavenworth employees.[3] On June 25, 2001, the district court sua sponte dismissed the

---

[2]Mr. Greer was previously released from the detention unit on August 19, 1999, but was again confined to the detention unit the same day for displaying psychotic behavior.

[3]USP Leavenworth Correctional Officers Michael Gray and C.E. Hutchison III, Dr. Donald Denney of the Psychology Services Department, and other unknown correctional officer(s). Mr. Greer claimed Mr. Gray violated the prison's procedures for handling inmate property because he allegedly failed to sign various forms, failed to secure Mr. Greer's signature on the form, failed to inventory the property before returning it to Mr. Greer, and gave Mr. Greer the original personal property record form instead of the carbon copy. He alleges Dr. Denney participated in Mr. Gray's acts of negligence by failing to remedy the

individually named defendants and substituted the United States as the sole

defendant.  On January 25, 2002, the United States moved to dismiss for lack of

subject matter jurisdiction. The court granted the motion on November 12, 2002.

This appeal followed.

**DISCUSSION**

**I. Substitution of Defendants**

The FTCA establishes an exclusive remedy against the United States for

certain tortuous acts—"injury or loss of property, or personal injury or

death"—caused by the negligence or wrongful act of a government employee.  28

U.S.C. § 2679(b)(1).[4]  In addition, because the remedy against the United States is

exclusive, it protects government employees acting within the scope of their

employment from individual liability, unless their acts were violations of the

---

negligent acts after they were brought to his attention.  He argues the unknown
correctional officer(s) who released him from the detention quarters following his
suicide attempt violated prison procedure by failing to immediately return his
personal property to him.  Mr. Hutchison is the correctional officer who allegedly
impounded Mr. Greer's personal property following his suicide attempt.  Mr.
Greer does not allege Mr. Hutchison lost the stack of legal material impounded
with his other personal property; rather, he argues an unknown officer(s) lost the
materials.

[4]"The remedy against the United States provided by sections 1346(b) and
2672 of this title for injury or loss of property . . . resulting from the negligent or
wrongful act or omission of any employee of the United States while acting
within the scope of his office or employment is exclusive of any other civil action
or proceeding for money damages by reason of the same subject matter against the
employee whose act or omission gave rise to the claim . . . ."  28 U.S.C. §
2679(b)(1).

United States Constitution or United States statutes. 28 U.S.C. § 2679(b)(1) and (2). Mr. Greer did not allege constitutional or statutory violations; rather, his complaint attempts to state a cause of action under the FTCA for negligence. Mr. Greer's apparent remedy is against the United States, not its employees.

Mr. Greer argues the district court committed reversible error by sua sponte substituting the United States for individually named defendants.[5] He contends the district court could not make this substitution absent certification by the Attorney General that the employees were acting within the scope of their employment. He also claims the district court relied on the incorrect section of the FTCA in making the substitution. With respect to the certification issue he relies on 28 U.S.C. § 2679(d)(1), which reads:

> Upon certification by the Attorney General that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action or proceeding commenced upon such claim in a United States district court shall be deemed an action against the United States under the provisions of this title and all references thereto, and the United States shall be substituted as the party defendant.

Mr. Greer filed his complaint on May 25, 2001, and the district court made the substitution of defendants on June 25, 2001. The Attorney General did not

---

[5]While ultimately inconsequential, one fact is noteworthy. Mr. Greer did not file an objection to the substitution of the United States. He knew of the substitution no later than March 27, 2002, when he contested the United States' motion to dismiss. That motion was not granted until November 12, 2002, more than sixteen months after the substitution.

make the certification, ostensibly because the substitution was made by the district court before the United States was served. Nevertheless, the United States (and the district court) treated the case as if a certification had been made. Significantly, the Attorney General did not refuse to certify, which would have triggered the employees' right to petition the court to make the certification. 28 U.S.C. §2679 (d)(3).

The error, if any, was harmless. Mr. Greer does not assert the named employees—Messrs. Gray, Hutchison, Denney, and unknown correctional officer(s)—acted outside the scope of their employment, and our independent review of the record reveals no reason to assume ultra vires acts. Since Mr. Greer made no cognizable claim against the originally named defendants, the action could continue, if at all, only against the United States. 28 U.S.C. § 2679(b)(1) and (d)(1). Rather than simply dismissing the complaint under 28 U.S.C. 1915A(b), the district court charitably substituted the United States as the sole and proper defendant under the FTCA, thus initially preserving Mr. Greer's complaint.

Mr. Greer also argues the district court erred in substituting the United States because it referenced 28 U.S.C. § 2672 instead of 28 U.S.C. § 2679, which contains the exclusive remedy language. Besides citing to § 2672, the district court provided no reasoning for making the substitution. But an obvious

scrivener's error does not warrant reversal, if the error was harmless, as is clearly the case here.

In any event, "[a]n appellate court may affirm the judgment of a district court on any grounds that find support in the record, provided the litigants have had a fair opportunity to develop the record." *Seibert v. State of Okl., ex rel. University of Oklahoma Health Scis. Ctr.* 67 F.2d 591, 597 (10th Cir. 1989), *abrogated on other grounds*. The district court must review prisoner civil action complaints and "identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint . . . is frivolous, malicious, or fails to state a claim upon which relief may be granted . . . ." 28 U.S.C. § 1915A. This case qualifies for such treatment. Mr. Greer's original complaint against the named defendants failed to state a claim upon which relief could be granted because the exclusive remedy for the tortuous conduct he alleged was against the United States.

**II. Dismissal for Lack of Subject Matter Jurisdiction**

We review de novo a district court's dismissal for lack of subject matter jurisdiction premised on a finding of sovereign immunity. *U.S. West, Inc. v. Tristani*, 182 F.3d 1202, 1206 (10th Cir. 1999); *Ordinance 59 Ass'n v. United States Dep't of the Interior*, 163 F.3d 1150, 1152 (10th Cir. 1998). Mr. Greer argues even if the United States is the proper defendant, the United States' motion

to dismiss should have been denied because the United States waived its sovereign immunity under the FTCA and failed to prove all of the elements required for an exception to its waiver of immunity under 28 U.S.C. § 2680(c).

The United States may not be sued unless it specifically waives sovereign immunity. It has, under the FTCA, waived immunity for employee actions resulting in lost property or harm to persons; however, the waiver is limited. It has not waived immunity for "[a]ny claim arising in respect of . . . the detention of any goods . . . or other property by any . . . law enforcement officer." 28 U.S.C. § 2680(c). In its well-reasoned Order, with which we agree, the district court found Mr. Greer's claim arose from the detention of his legal documents, which are goods, and prison employees are law enforcement officers. *Greer v. United States*, No. 01-3210 (D. Kan. Nov. 12, 2002). Thus, the United States did not waive immunity from Mr. Greer's suit.

### III. Evidentiary Hearing

Trial courts have "wide discretion to allow affidavits, other documents, and a limited evidentiary hearing to resolve disputed jurisdictional facts under Rule 12(b)(1)." *Holt v. United States*, 46 F.3d 1000, 1003 (10th Cir. 1995). Thus, we review the denial of an evidentiary hearing only for abuse of discretion. *United States v. Gines*, 964 F.2d 972, 977 (10th Cir. 1992).

Mr. Greer argues the district court abused its discretion by refusing to grant

an evidentiary hearing "to resolve disputed jurisdictional facts" concerning the United States' motion to dismiss. He contends the district court presumed the truthfulness of the United States' factual allegations. To the contrary, the district court recognized there was no dispute of fact. The district court assumed, as alleged by Mr. Greer, the legal documents had been confiscated and then either lost or disposed of by USP Leavenworth employees. It then applied 28 U.S.C. § 2680(c) to those facts. Because only questions of law were before the district court, it did not abuse its discretion in accepting Mr. Greer's allegations as true rather than holding an evidentiary hearing.

**CONCLUSION**

For these reasons, we AFFIRM the district court's substitution of the United States in place of the individually named federal employees and its dismissal of Mr. Greer's claim for lack of subject matter jurisdiction. We conclude it did not abuse its discretion in refusing to hold an evidentiary hearing to decide the jurisdictional issue. All outstanding motions are denied. Finally, we remind Mr. Greer he remains obligated to make partial payments until the entire balance of the $105.00 filing fee is paid. *See Greer v. United States*, No. 01-3210 (D. Kan. June 25, 2001).

**Entered by the Court:**

**TERRENCE L. O'BRIEN**
United States Circuit Judge