F I L E D
United States Court of Appeals
Tenth Circuit

August 16, 2005

PATRICK FISHER
Clerk

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EDWARD WILLIAM ALLEN, JR.,

Petitioner - Appellant,

v.

REGINALD HINES, Warden,

Respondent - Appellee.

No. 04-6153
(W.D. Oklahoma)
(D.Ct. No. 02-CV-1007-L)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPEAL**

---

Before **KELLY**, **O'BRIEN**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Edward Allen, acting *pro se*,[1] appeals the district court's decision denying him habeas relief, *see* 28 U.S.C. § 2254, from his Oklahoma conviction for first degree malice aforethought murder. To pursue this appeal, Allen must first obtain

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

a certificate of appealability (COA). *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). We will issue a COA only if Allen makes a "substantial showing of the denial of a constitutional right." *Id.* § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether (or for that matter, agree that) the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 483-84 (2000) (quotations omitted). Insofar as the district court dismissed his habeas petition on procedural grounds, Allen must demonstrate that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* at 484. A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). In reviewing for a COA, we are forbidden from giving full consideration to the factual or legal bases urged in support of the claims. To the contrary, we preview the claims and make a general assessment of their merit. *Id.* at 336. Although petitioner, in requesting a COA, is not required to prove the merits of the case, the threshold of proof is higher than good faith or lack of frivolity. *Id.* at 338.

The district court denied Allen's petition for habeas relief for the reasons

stated in the thoughtful and thorough thirty-four page report and recommendation of the magistrate judge. After carefully considering the record and Allen's arguments, we conclude he has failed to make a sufficient showing that he is entitled to a COA on any of his claims for the same reasons set forth by the magistrate judge and adopted by the district court. Therefore, we DISMISS this appeal. In addition, all pending petitions and motions are DENIED.[2]

The district court also denied Allen's request to proceed *in forma pauperis* (*ifp*), finding no nonfrivolous issues and concluding the appeal was not taken in good faith. *See* 28 U.S.C. § 1915(a)(3). His pending request to proceed *ifp* filed in this Court is DENIED. Allen shall remit the full amount of the filing fee to the Clerk of the District Court within twenty (20) days of this order.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge

---

[2]Allen has several pending petitions and motions: May 28, 2004, Petition for Writ of Mandamus and Request for Emergency Injunctive Relief; June 3, 2004, Amended Petition for Writ of Mandamus and Request for Emergency Injunctive Relief; June 7, 2004, Second Amended Petition for Writ of Mandamus and Request for Emergency Injunctive Relief; June 9, 2004, Motion to Supplement Appellant's [Previous Petitions]; June 30, 2004, Emergency Petition [and Addendum] for Writ of Mandamus; September 24, 2004, Petition for Rehearing En Banc; September 24, 2004, Motion to Inform the Court; November 1, 2004, Second Motion for Leave of Court to Submit an Amended Application for a Certificate of Appealability (COA) and Petitioner-Appellant's Second Amended Opening Brief; November 12, 2004, Motion to Amend Second Amended Opening Brief; November 29, 2004, Motion to Correct Material Error(s).