**F I L E D**

**UNITED STATES COURT OF APPEALS**

**October 10, 2006**

**TENTH CIRCUIT**

TRIMAINE LAMONT VICK,

　　　Petitioner - Appellant,

v.

MICHAEL K. ADDISON, Warden,

　　　Respondent - Appellee.

No. 05-6362
(W.D. Oklahoma)
(D.Ct. No. CIV-05-0238-HE)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

---

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Trimaine Lamont Vick, a state prisoner proceeding pro se,[1] filed a petition for writ of habeas corpus under 28 U.S.C. § 2254. The petition was referred to a magistrate judge who recommended it be denied. The district court adopted the

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

magistrate's report and recommendation, and denied the petition. The district court also denied a certificate of appealability (COA), finding Vick had not made "a substantial showing of the denial of a constitutional right" under 28 U.S.C. § 2253(c)(2). (R. Doc. 29.) Vick sought leave to appeal *in forma pauperis*, which application was granted. Vick has applied for a COA from this Court, seeking reversal of the district court's order, and a remand for an evidentiary hearing.

Background

The parties are familiar with the facts of this case, and we need not repeat them here. Vick was convicted of felony murder, conspiracy to commit a felony, two counts of robbery with a firearm, two counts of assault with a dangerous weapon, and pointing a firearm at another. The Oklahoma Court of Criminal Appeals reversed one conviction of robbery with a firearm on double jeopardy grounds. *Vick v. State*, No. F-2003-244 (Okla. Crim. App. Mar. 31, 2004). In his petition to the district court, Vick raised the same issues argued in his direct appeal, except for the double jeopardy ground on which he prevailed.

The magistrate judge issued a twenty-four page report, in which he exhaustively reviewed each of Vick's claims and its resolution by the state court. He concluded Vick was not entitled to relief on any of the grounds raised, and recommended denial of the petition. The district court considered de novo the grounds for relief asserted by Vick, and his objections to the report. The district

court concurred with the magistrate judge's "thorough and well-reasoned analysis," adopted the report and recommendation, and denied the petition for writ of habeas corpus. (R. Doc. 22 at 3.)

Certificate of Appealability

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Vick makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). Vick has done nothing more than incorporate by reference the arguments made in his original habeas petition. Other than articulating his disagreement with the district court's denial of his petition, he has pointed to no facts nor made any argument showing he is entitled to a COA.

The district court's order of dismissal is not reasonably debatable. *Slack,* 529 U.S. at 484. We DISMISS Vick's application for a COA.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge