**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 13, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**
_____

JAMES TRAYWICK,

      Petitioner - Appellant,

v.

LENORA JORDAN, Warden,

      Respondent - Appellee.

No. 06-7063
(E. D. Okla.)
(D.Ct. No. CIV-03-172-JHP)

_____

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPLICATION**

Before **HENRY**, **BRISCOE**, and **O'BRIEN**, Circuit Judges.

      After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal.  See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore ordered submitted without oral argument.

      James Traywick (Traywick), a state prisoner proceeding *pro se*,[1] filed a 28 U.S.C. § 2254 petition for habeas corpus.  Based on the magistrate's Report and Recommendation, the district court dismissed the petition.  Traywick then filed a request for a certificate of appealability (COA), which the court denied.  In

_____

[1] *Pro se* pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

this Court, Traywick renews his requests for COA. *See* 28 U.S.C.

§ 2253(c)(1)(A); FED. R. APP. P. 22(b)(1), 24(a)(5).

*Background*

On August 10, 2001, Traywick was convicted by a jury of Endeavoring to

Manufacture Controlled Dangerous Substance (Methamphetamine), After Former

Convictions of Two or More Felonies in violation of Oklahoma Statutes Title 63,

§§ 2-401, 2-408. He was sentenced to forty years imprisonment. His conviction

was affirmed on direct appeal by the Oklahoma Court of Criminal Appeals

(OCCA). *Traywick v. State*, No. F-2001-989 (Okla. Crim. App. Sept. 24, 2002)

(unpublished). Traywick's Application for Post-Conviction Relief in state court

was denied in December 2002. *Traywick v. State*, No. CF-2000-78 (Okmulgee

County Dist. Ct. Dec. 16, 2002) (unpublished). The OCCA affirmed. *Traywick v.*

*State*, No. PC-2003-25 (Okla. Crim. App. Feb. 25, 2003) (unpublished).

Traywick then filed a § 2254 petition in the United States District Court for

the Eastern District of Oklahoma, challenging his conviction on fourteen grounds:

1) the jury instructions were fatally defective, because they failed to inform the

jury of the elements of the crime, 2) the evidence is insufficient to support the

jury's finding that Traywick endeavored to manufacture methamphetamine, 3) the

trial court failed to instruct the jury that a case relying exclusively on

circumstantial evidence must include reasonable theories of innocence, 4) the trial

court erred in failing to instruct the jury that prior inconsistent statements cannot

-2-

be used as substantive evidence of guilt, 5) the trial court erred in failing to follow statutory procedures when the jury had a question, 6) photographs admitted of Traywick were more prejudicial than probative, 7) the trial court erred in allowing the trial to be bifurcated for purposes of penalty enhancement, 8) Traywick's sentence should be modified because extraneous, prejudicial information from the fact of previous convictions was introduced into evidence, 9) the trial court's errors cumulatively deprived Traywick of a fair trial and reliable verdict, 10) petitioner's sentence was excessive, considering the totality of the circumstances of this case, 11) the State failed to prove that the petitioner was guilty beyond a reasonable doubt, 12) prosecutorial misconduct deprived the petitioner of a fair trial and due process of law, 13) the petitioner was subjected to an illegal arrest, thus the charges should have been dismissed, and 14) petitioner was denied his right to the effective assistance of counsel.

On March 16, 2006, the magistrate judge entered a Report and Recommendation with regards to disposition of Traywick's petition. The magistrate's seventeen page report thoroughly and exhaustively reviewed each of Traywick's claims and its resolution by the state court. It recommended Traywick's petition, in all respects, be dismissed. The district court reviewed Traywick's objections to the magistrate's recommendation and determined he did not raise any issue of law or fact which would alter the viability of the recommendation. Since Traywick simply reurged the same contentions made to

the magistrate judge and other courts, the district court determined his objections were without merit.

The district court adopted the magistrate judge's Report and Recommendation as its own, denied Traywick's Petition for Writ of Habeas Corpus and dismissed the action. Thereafter, it denied Traywick's request for a COA. It did, however, grant Traywick's Motion for Leave to Proceed *in forma pauperis* on appeal. On June 15, 2006, Traywick filed a *pro se* notice of appeal with this Court which included an application for a COA. FED. R. APP. P. 22(b)(1).

*Certificate of Appealability*

A COA is a jurisdictional pre-requisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Traywick makes a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish that "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (quotations omitted). In his attack on the substance of his trial, Traywick has made no argument showing the denial of a constitutional right. In essence, he is treating his application like a direct appeal and not habeas corpus. We find no issue in the magistrate's thorough Report and Recommendation or the district

-4-

court's order of dismissal reasonably debatable.  *Slack,* 529 U.S. at 484.

Traywick has failed to make a sufficient showing that he is entitled to a COA.

Accordingly, we **DENY** COA and  **DISMISS** the matter.

                **Entered by the Court:**

                **Terrence L. O'Brien**
                United States Circuit Judge