**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 6, 2005**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

TOM LEE BROWN,

 Petitioner - Appellant,

v.

LANE BLAIR, Warden, Torrance
County Detention Facility;
ATTORNEY GENERAL FOR THE
STATE OF NEW MEXICO,

 Respondents - Appellees.

No. 04-2149
(D. New Mexico)
(D.Ct. No. CIV-03-1321 MV/ACT)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **SEYMOUR**, **LUCERO**, and **O'BRIEN**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

Tom Brown appeals *pro se*[1] seeking a certificate of appealability (COA)

---

[1] We construe *pro se* pleadings liberally. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

from the district court's denial of his 28 U.S.C. § 2254 petition for writ of habeas corpus. The district court granted Brown's motion to proceed *in forma pauperis*. There being no basis for an appeal, we deny COA.

Background

Brown was convicted on January 7, 2002, of forgery and fraud in the Third Judicial District Court, Dona Ana County, New Mexico. He was sentenced to eleven years imprisonment and two years parole under New Mexico's Habitual Offender Act. Brown appealed his conviction to the New Mexico Court of Appeals, which affirmed. Brown was then granted a writ of certiorari to the New Mexico Supreme Court, but the writ was subsequently quashed. Thereafter, Brown filed a § 2254 habeas petition in the United States District Court for the District of New Mexico. He claimed, *inter alia*, that 1) his dual convictions for fraud and forgery violated the double jeopardy clause; 2) there was insufficient evidence to support his conviction; and 3) his trial counsel provided ineffective assistance. The state Attorney General filed a motion to dismiss. The district court referred the case to a United States Magistrate who recommended dismissing the petition. Brown filed objections to the Magistrate's proposed findings. Over his objections, the district court adopted the recommendations and dismissed the petition. On June 21, 2004, Brown filed a notice of appeal with this

Court.[2]  In his petition before this Court, Brown reasserts his double jeopardy, insufficient evidence, and ineffective assistance of trial counsel claims.

## Analysis

Unless this Court issues a COA, Brown may not appeal the dismissal of his § 2254 petition.  28 U.S.C. § 2253(c)(1)(A).  "[Section] 2253(c) permits the issuance of a COA only where a petitioner has made a 'substantial showing of the denial of a constitutional right.'"  *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003)(quoting § 2253(c)(2)).  To make the requisite showing, a petitioner must demonstrate "that reasonable jurists could debate whether . . . the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further."  *Id.* (quotation marks and citation omitted).

With these principles in mind, we have carefully reviewed the record and agree with the district court's conclusions.  The New Mexico Court of Appeals considered and denied both Brown's insufficient evidence and double jeopardy claims on the merits.  "[W]hen reviewing the merits of a claim already decided by the state courts, we are bound to deny relief unless the state court's decision 'was contrary to, or involved an unreasonable application of, clearly established

---

[2] We presume the district court denied a COA and treat the notice of appeal as a request for a COA.  FED. R. APP. P. 22(b).

Federal law, as determined by the Supreme Court.'" *LaFevers v. Gibson*, 182 F.3d 705, 711 (10th Cir. 1999) (quoting 28 U.S.C. § 2254(d)).

In reviewing Brown's double jeopardy claim, the New Mexico Court of Appeals applied New Mexico law and evaluated whether the state legislature intended to create separately punishable offenses by determining whether the two crimes required proof of different elements. *See Swafford v. New Mexico*, 810 P.2d 1223, 1233-34 (N.M. 1991) (setting forth the appropriate analysis under *Blockburger v. United States*, 284 U.S. 299 (1932)). The court concluded the elements of forgery and fraud were separate and required different findings of fact by the jury. This is consistent with and a reasonable application of federal law. *See Blockburger*, 284 U.S. at 304; *Whalen v. United States*, 445 U.S. 684, 688-89 (1980).

In evaluating the sufficiency of evidence underlying Brown's conviction, the New Mexico Court of Appeals examined the evidence to see whether substantial direct or circumstantial evidence existed to support the conviction beyond a reasonable doubt as to every element of the crime. *See New Mexico v. Apodaca*, 887 P.2d 756, 759-60 (N.M. 1994). The court concluded all essential elements of the crime were supported by direct or circumstantial evidence such that a rationale trier of fact could conclude that each element had been proven beyond a reasonable doubt. This too is consistent with and a reasonable

-4-

application of federal law. *See Jackson v. Virginia*, 443 U.S. 307, 319 (1979) (relevant question is whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could find all essential elements proved beyond a reasonable doubt).

Finally, Brown argues his trial counsel was ineffective because he failed to investigate his case and put on an adequate defense. Brown lists these deficiencies as trial counsel's failure to: (1) object to the jury instructions which allowed Brown to be convicted of both fraud and forgery; (2) investigate or adequately rebut the testimony of an investigator which was particularly damaging to Brown's case; (3) put on the testimony of defense witnesses; and (4) file a motion in limine to suppress evidence of Brown's prior convictions during sentencing.[3]

To establish ineffective assistance of counsel, Brown must establish his counsel's deficient performance prejudiced his defense. *Romano v. Gibson*, 239 F.3d 1156, 1180 (10th Cir. 2001). To do this, he must demonstrate that but for his counsel's objectively deficient performance, there is a reasonable probability the result would have been different. *Id*. We "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional

---

[3] In his brief, Brown also contends that his trial counsel refused to allow him to testify. Brown did not raise this issue in his habeas petition in the district court and we decline to consider it here.

assistance." *Strickland v. Washington*, 466 U.S. 668, 689 (1984).  Moreover, "strategic choices made after thorough investigation of law and facts relevant to plausible options are virtually unchallengeable." *Id*. at 690.

Brown's ineffective assistance of counsel claim is also without merit. Brown's complaint about his counsel's failure to object to the jury instructions is premised on his belief that the counts of fraud and forgery are identical and violate the double jeopardy clause.  As noted above, this is not the case. Therefore trial counsel's failure to object to the jury instructions on this ground is not unreasonable.

Trial counsel's failure to challenge the testimony of an investigating agent is insufficient to establish ineffective assistance of counsel.  The investigator testified to an admission made by Brown that his wife had forged the check. Brown complains his trial counsel did not challenge the fact that the admission was not recorded or written down.  Apparently, Brown believes that because an admission is not recorded or written down it is inherently suspect and not admissible.[4]  This is not the law in New Mexico, however, and the New Mexico Supreme Court declined to hear argument on the issue.  Trial counsel's decision not to raise an unrecognized challenge to the admissibility of an admission was

_____

[4] In his brief to the New Mexico Supreme Court, Brown pointed to the Minnesota Supreme Court opinion in *Minnesota v. Scales*, 518 N.W.2d 587, 592 (Minn. 1994) which so holds.

-6-

not unreasonable.

Additionally, trial counsel's decision not to present the testimony of Brown's suggested witnesses was not unreasonable because the proposed witnesses' testimony would not have gone to any material issue of guilt. As pointed out by the trial court, none of the potential witnesses were directly exculpatory. According to Brown, the witnesses would have testified that he did not sign the forged check. However, forging a signature on a check is not necessary to convict an individual of forgery. Under New Mexico law, all that is required is that the defendant knowingly pass a forged check. *See* N.M. STAT. ANN. § 20-16-10(B). The refusal by Brown's counsel to put on witnesses who were not directly exculpatory was not unreasonable.

Finally, trial counsel's refusal to file a motion in limine to exclude prior convictions during sentencing was not unreasonable in light of New Mexico's Habitual Offender Act, N.M. STAT. ANN. § 31-18-17, which allows the introduction of prior convictions during sentencing determinations. Brown does not contest the validity of the prior convictions and there is no evidence in the record that they were introduced to prove guilt. Consequently, counsel's failure to file a motion in limine to suppress the convictions was not unreasonable.

We **DENY** Brown's request for a COA and **DISMISS** the appeal.

                         **Entered by the Court:**

                         **Terrence L. O'Brien**
                         United States Circuit Judge