**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**June 20, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

---

EZEKIEL P. RHOTEN,

  Plaintiff - Appellant,

v.

ROGER WERHOLTZ, Secretary of
Corrections, Kansas Department of
Corrections; WAYNE L.
CUMMINGS, Secretary Designate,
Kansas Department of Corrections;
DAVID McKUNE, Warden, Lansing
Correctional Facility; (FNU)
BRUNSEN; (FNU) NEEDUM; (FNU)
TRAINER, Correctional Officers,
Lansing Correctional Facility; (FNU)
FAYGEN, Unit Team, Lansing
Correctional Facility,

  Defendants - Appellees.

No. 07-3064

06-CV-3065-SAC

(D.C. No. D. Kan.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

---

Ezekiel P. Rhoten, appearing *pro se* and *in forma pauperis*, appeals from

---

[*]This order and judgment is not binding precedent except under the
doctrines of law of the case, res judicata, and collateral estoppel. It may be cited,
however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th
Cir. R. 32.1.

the district court's dismissal of his civil rights complaint.[1]  We affirm.

On March 2, 2006, Rhoten filed a 42 U.S.C. § 1983 complaint against several Kansas prison officials alleging violations of the Eighth Amendment and Kansas law.  Specifically, he alleged Correctional Officer Brunson, while conducting a pat-down search of his person, "slammed [him] against the wall[,] squeezed [his] nipples real hard [,] squeezed [his] buttocks, and pulled on [his] testicles real hard causing [him] a great deal of discomfort and pain."  (R. Doc. 1 at 7.)  He further alleged that when he subsequently sought a pass to seek medical treatment for his pain, Brunson refused to give him one.  Rhoten filed several prison grievances based on Brunson's conduct.  Prison officials investigated the incident.  As part of that investigation, Brunson issued a statement.  He said he conducted a pat-down search of Rhoten's person based on Rhoten's behavior within the unit.[2]  When Brunson started to conduct the pat-down search at Rhoten's arm pits, Rhoten turned to face Brunson and told him not to touch him in that manner.  Brunson denied touching/squeezing Rhoten's buttocks or testicles.  Prison authorities found Brunson credible and denied Rhoten relief. They also found Brunson did not deny Rhoten medical treatment but rather advised him to report to sick call, which is the appropriate procedure for non-

_____

[1] We liberally construe *pro se* pleadings.  *Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2]  Prison policy permits staff members to search inmates at any time, with or without consent.

medical emergencies. Based on the record, Rhoten was seen by a prison doctor two hours after seeking medical treatment. The doctor found no evidence of injury to Rhoten's genitalia and pubic area and Rhoten's groin and scrotum exam was normal. However, because Rhoten complained of pain to the right groin and scrotum, the doctor prescribed Tylenol. The district court dismissed Rhoten's Eighth Amendment claims under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim upon which relief may be granted. It declined to exercise supplemental jurisdiction over his state law claims.

We review *de novo* a district court's dismissal of a complaint for failure to state a claim under § 1915(e)(2)(B)(ii), accepting the complaint's allegations as true and construing them, and any reasonable inferences that might be drawn from them, in the light most favorable to the plaintiff. *Perkins v. Kan. Dep't of Corrs.*, 165 F.3d 803, 806 (10th Cir. 1999). Dismissal is proper only where it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend. *Id*. "We review the district court's decision to decline supplemental jurisdiction for an abuse of discretion." *Exum v. United States Olympic Comm.*, 389 F.3d 1130, 1138 (10th Cir. 2004).

"[T]he unnecessary and wanton infliction of pain constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Hudson v. McMillian*, 503 U.S. 1, 5 (1992). To determine whether a prison official's use of force was "unnecessary and wanton," we ask "whether [the] force was applied in a

-3-

good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Id.* at 6-7. We consider "the need for [the use of] force, the relationship between that need and the amount of force used, the threat reasonably perceived by the responsible officials, and any efforts made to temper the severity of a forceful response." *Id.* at 7 (quotations omitted). Although the extent of the inmate's injury is also relevant, an inmate need not show a "significant injury" or a certain level or type of injury to state a claim. *Id.* at 7, 9; *see United States v. LaVallee*, 439 F.3d 670, 688 (10th Cir. 2006). However, not "every malevolent touch by a prison guard gives rise to a federal cause of action." *Hudson*, 503 U.S. at 9. De minimis uses of physical force are excluded from the cruel and unusual punishment inquiry unless "repugnant to the conscience of mankind." *Id.* at 9-10; *Northington v. Jackson*, 973 F.2d 1518, 1524 (10th Cir. 1992).

Here, even accepting Rhoten's allegations as true, we agree with the district court that Brunson's use of force does not state an Eighth Amendment violation. Rather, it was de minimis. *Norton*, 432 F.3d at 1156 (grabbing and twisting of inmate's neck was not sufficiently objectively harmful enough to establish an Eighth Amendment excessive force claim); *Reed v. Smith*, No. 97-6341, 1999 WL 345492, at *4 (10th Cir. June 1, 1999) (unpublished) (inmate's allegations that prison officials grabbed him, tried to ram him into a wall and dragged him while walking him through the prison were insufficient to state a Eighth Amendment

-4-

excessive force claim).[3] Moreover, although not dispositive, the medical evidence shows Brunson's use of force did not result in injury, further supporting our conclusion it was not excessive.

Rhoten's Eighth Amendment claim based on Brunson's refusal to give Rhoten a pass to seek medical treatment also fails. Rhoten was not denied medical treatment; in fact, he was seen by a doctor within two hours of seeking treatment. Nor was his pain sufficiently serious. *Estelle v. Gamble*, 429 U.S. 97, 104-05 (1976) (holding the Eighth Amendment prohibits "deliberate indifference to a prisoner's *seriou*s illness or injury") (emphasis added). Because the district court correctly dismissed Rhoten's Eighth Amendment claims, it did not abuse its discretion in declining to exercise supplemental jurisdiction over his state law claims. *See* 28 U.S.C. § 1367(c)(3) (stating a district court may decline to exercise supplemental jurisdiction over a state law claim if it "has dismissed all claims over which it has original jurisdiction"); *Exum*, 389 F.3d at 1138-39.

**AFFIRMED**.

ENTERED FOR THE COURT

Terrence L. O'Brien
Circuit Judge

---

[3] Unpublished opinions are not binding precedent and citation to them is disfavored. We mention *Reed* only because of its persuasive value. *See* 10TH CIR. R. APP. P. 32.1(A).