**UNITED STATES COURT OF APPEALS**

October 11, 2007

**TENTH CIRCUIT**

JAMES K. COOPER,

      Petitioner - Appellant,

v.

JUSTIN JONES, Director,

      Respondent - Appellee.

No. 07-6179

W.D. Okla.

(D.C. No. 06-CV-1415-HE)

**ORDER DENYING CERTIFICATE OF APPEALABILITY
AND DISMISSING APPLICATION**

Before **KELLY**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

James K. Cooper (Cooper) pled guilty to several drug and theft-related

charged in March 2005. He was sentenced to four 10-year terms and a one-year

term for his convictions. Cooper did not seek post-conviction relief in state court

until May 18, 2006, which was denied as untimely. The state court's denial was

subsequently affirmed by the Oklahoma Court of Criminal Appeals. Cooper,

appearing pro se,[1] then filed his Petition for a Writ of Habeas Corpus pursuant to

28 U.S.C. § 2254 on December 21, 2006, in the United States District Court for

---

[1] Pro se pleadings are liberally construed. *Ledbetter v. City of Topeka, Kan.,* 318 F.3d 1183, 1187 (10th Cir. 2003).

the Western District of Oklahoma. The petition was dismissed due to untimely filing. Cooper's argument for equitable tolling was specifically discussed and rejected by the district judge.

Cooper moved for leave to proceed in forma pauperis (ifp) on appeal and applied for a Certificate of Appealability (COA). The district court granted his ifp request, but denied a COA.

Cooper renews his request for a COA application in this Court. *See* 28 U.S.C. § 2253(c)(1)(A); FED. R. APP. P. 22(b)(1). A COA is a jurisdictional prerequisite to our review. *Miller-El v. Cockrell,* 537 U.S. 322, 336 (2003). We will issue a COA only if Cooper makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make this showing, he must establish "reasonable jurists could debate whether . . . the petition should have been resolved [by the district court] in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel,* 529 U.S. 473, 484 (2000) (internal quotations and citations omitted). In his application, Cooper argues the merits of his § 2254 petition, but does not address the reason it was dismissed – untimeliness.

We have carefully reviewed Cooper's arguments and agree with the district

court. His petition is barred by the time limitations set forth in 28 U.S. C.

§ 2244(d)(1) and is not subject to equitable tolling.

We **DENY** Cooper's application for a COA and **DISMISS** the appeal.

ENTERED FOR THE COURT


Terrence L. O'Brien
Circuit Judge