**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**June 24, 2009**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JAMES MCDANIEL,

      Plaintiff-Appellant,

v.

JOHN SUTHERS, Colorado Attorney
General (official capacity); SCOTT
STOREY, Jefferson County District
Attorney (official capacity),

      Defendants-Appellees.

No. 08-1400
(D.C. No. 1:08-CV-00223-WDM-MEH)
(D. Colo.)

---

**ORDER AND JUDGMENT**[*]

---

Before **KELLY**, **McKAY**, and **BRISCOE**, Circuit Judges.

---

James McDaniel, a Colorado state inmate convicted of first-degree

kidnaping, first-degree sexual assault, and first-degree assault, appeals the entry

of summary judgment in his 42 U.S.C. § 1983 case seeking access to biological

materials collected at the crime scene. We affirm, construing McDaniel's pro se

---

[*]    After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

filings liberally, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), and reviewing the district court's ruling de novo under "the same standard the district court should apply under Fed. R. Civ. P. 56(c)," *Steffey v. Orman*, 461 F.3d 1218, 1221 (10th Cir. 2006) (internal quotations omitted).

The facts of this case are detailed in the magistrate judge's comprehensive report and recommendation, which was accepted by the district court. Because these facts are familiar to the parties, we need not restate them here. Instead, we focus on McDaniel's sole argument on appeal--the district court failed to recognize that "the United States Constitution provides [him] a substantive and/or procedural due process right to access remaining, previously untested genetic materials in [his] criminal case which may or may not prove his actual innocence." Aplt. Br. at 2.

The evidence in contention consists of biological materials taken from the victim's person and an item of her clothing. Pre-trial serological testing indicated a blood type inconsistent with McDaniel but consistent with the victim's husband. The prosecution therefore decided to not conduct DNA testing on the materials, although it performed DNA tests on other crime-scene evidence. McDaniel was informed of this situation before trial. On the advice of counsel, he elected not to waive his speedy trial rights in order to perform genetic tests on the evidence.

At trial, his attorney argued that the existence of untested evidence raised a reasonable doubt of McDaniel's guilt. The jury nevertheless found McDaniel guilty. McDaniel was sentenced to life imprisonment and a consecutive term of 80 years. On direct appeal, the Colorado Court of Appeals determined that abundant evidence supported the conviction and affirmed.

After losing his appeal, McDaniel filed a series of unsuccessful motions and applications in state and federal court, then petitioned the state trial court for DNA testing pursuant to Colorado's postconviction testing provisions. *See* Colo. Rev. Stat. §§ 18-1-411 to -416. To be entitled to testing under the Colorado statute, a petitioner must meet several criteria: (1) a law enforcement agency collected relevant biological evidence; (2) favorable testing "will demonstrate [his] actual innocence;" (3) conclusive results were not available prior to the conviction and he did not secure DNA testing because it "was not reasonably available or for reasons that constitute justifiable excuse, ineffective assistance or counsel, or excusable neglect"; and (4) he "consents to provide a biological sample for DNA testing." Colo. Rev. Stat. § 18-1-413. Based on these criteria, on statutory criteria, the trial court denied McDaniel's request. The Colorado Court of Appeals affirmed the trial court's decision; the Colorado Supreme Court and the United States Supreme Court denied further review.

Undaunted, McDaniel filed this § 1983 action in federal district court, again seeking access to the materials not subjected to DNA testing. His assertion was that Colorado Attorney General John Suthers and Jefferson County District Attorney Scott Storey violated his federal due process rights by opposing his efforts to obtain the evidence. The district court determined that McDaniel was not entitled to § 1983 relief under either a substantive or procedural due process theory.

The Supreme Court has recently held that there is no "right under the Due Process Clause to obtain postconviction access to the State's evidence for DNA testing." *Dist. Attorney's Office for Third Judicial Dist. v. Osborne*, No. 08-6, 2009 WL 1685601, *7 (June 18, 2009). Colorado has "flexibility in deciding what procedures are needed in the context of postconviction relief." *Id.* at *11. And "[w]e see nothing inadequate about the procedures [Colorado] has provided to vindicate its state right to postconviction relief in general, and nothing inadequate about how those procedures apply to those who seek access to DNA evidence. *Id.* at *12. The Supreme Court holding in *Osborne* is dispositive of McDaniel's appeal.

The judgment of the district court is AFFIRMED. McDaniel's motion for appointment of counsel and motion to strike the answer brief of Defendant-Appellee Suthers are DENIED. His motion to proceed in forma

pauperis is GRANTED, with the reminder that he must continue making partial payments until the filing fee is paid in full.

Entered for the Court


Paul J. Kelly, Jr.
Circuit Judge