**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**August 1, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DWAYNE WINFREY,

    Petitioner - Appellant,

v.

JAMES RUDEK, Warden,

    Respondent - Appellee.

No. 11-5070
(N.D. Okla.)
(D.C. No. 4:08-CV-00174-CVE-TLW)

**ORDER DENYING
CERTIFICATE OF APPEALABILITY,
AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Dwayne Winfrey, a state prisoner proceeding pro se,[1] wants to appeal from the

district court's denial of his 28 U.S.C.§ 2254 habeas petition. We deny his request for a

Certificate of Appealability (COA).

The parties are familiar with the historical and procedural facts, which will not be

repeated here. Winfrey was convicted by a jury of Trafficking in Illegal Drugs (Cocaine)

(Count I), and Failure to Obtain a Drug Tax Stamp (Count II), both after a former felony

conviction. He was sentenced to 20 years imprisonment and fined $25,000 on Count I

---

[1] We liberally construe Winfrey's pro se filings. *See Ledbetter v. City of Topeka,
Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

and $3,000 on Count II. His conviction was affirmed on direct appeal. He was represented by counsel at trial and on appeal. He was unsuccessful in state post-conviction proceedings.

Winfrey raises the following issues in his request for a COA:

1.    His confession should have been suppressed because he did not sign a written waiver of his right to counsel. (No waiver was obtained, but the trial court conducted a *Jackson v. Denno*[2] hearing and concluded his waiver of *Miranda*[3] rights and his confession were both freely and voluntarily made.)

2.    A search warrant issued by a state magistrate was not supported by an adequate affidavit. (This issue was raised and denied in a state post-conviction proceeding. Winfrey appealed but his untimely appeal was dismissed by the Oklahoma Court of Criminal Appeals (OCCA). The district court concluded this issue was procedurally defaulted on independent and adequate state grounds, and he failed to show cause and prejudice for the default or make a colorable claim of factual innocence.)

3.    He was denied due process by the district court because it decided his habeas petition without first referring the matter to a magistrate judge as permitted by 28 U.S.C. § 636. (This claim is obviously frivolous.)

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA

---

[2] *Jackson v. Denno*, 378 U.S. 368, 376 (1964) ("A defendant objecting to the admission of a confession is entitled to a fair hearing in which both the underlying factual issues and the voluntariness of his confession are actually and reliably determined.").

[3] *Miranda v. Arizona*, 384 U.S. 436 (1966).

"only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

In cogent orders the district court thoroughly and correctly addressed and resolved the issues raised by Winfrey. As no jurist of reason could reasonably debate the correctness of the district court's decisions, we DENY the request for a COA and DISMISS this matter.

The district court permitted Winfrey to proceed *in forma pauperis* on appeal. We have not revisited that order.

Entered by the Court:

**Terrence L. O'Brien**
United States Circuit Judge