**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

DONALD E. ROBINSON,

      Petitioner - Appellant,

v.

STATE OF KANSAS,

      Respondent - Appellee.

No. 11-3168
(D. Kan.)
(D.C. No. 5:10-CV-03082-MLB)

---

**ORDER DENYING CERTIFICATE OF APPEALABILITY**
**AND DISMISSING APPEAL**

---

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Donald Robinson, a Kansas prisoner proceeding pro se and *in forma pauperis*,[1] wants to appeal from the district court's denial of his 28 U.S.C. § 2254 petition for habeas relief. After reviewing the record, we conclude there is nothing debatable about the reasons for the district court's rejection of the petition, and therefore deny his request for a Certificate of Appealability (COA).

In September 2001, Robinson struck Charles Cyrus in the head with a baseball bat, fatally wounding him. He then proceeded, bat in hand, to the next room and assaulted

---

[1] We liberally construe Robinson's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

Sharon Hamilton, who despite suffering at least one blow to the head, survived to recount the incident to law enforcement. On the strength of Hamilton's testimony, a jury convicted Robinson of second-degree murder and aggravated assault. Robinson was sentenced to 213 months imprisonment. His conviction was upheld on direct appeal, and again on post-conviction review.

In his § 2254 petition, Robinson raised numerous grounds for relief, only three of which he renews in his current request for a COA: (1) the prosecution committed misconduct when it elicited emotionally charged testimony from Cyrus's daughter regarding the final weeks she spent with her father in the hospital; (2) the trial court improperly admitted witness testimony for the purpose of bolstering Hamilton's credibility; and (3) his trial lawyer rendered ineffective assistance. The Kansas Court of Appeals addressed the first and third issues on the merits and denied review. It refused to consider the second because it was procedurally defaulted under Kansas law. State remedies have been exhausted.

Robinson is entitled to habeas corpus relief if he can demonstrate the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1). The district court concluded Robinson failed to make the required showing. First, the testimony from Cyrus's daughter, while improper, did not deprive Robinson of a fair trial. The statements amounted to only a fraction of the daughter's testimony, and were immediately stricken upon defense counsel's objection, making it nearly impossible to demonstrate prejudice. Second, federal review of the improper bolstering claim was

foreclosed on independent and adequate state procedural grounds—Robinson failed to timely raise the issue—and Robinson has failed to show cause or prejudice for the default or a reason why the district court's refusal to consider the issue would result in a fundamental miscarriage of justice. *Magar v. Parker*, 490 F.3d 816, 820 (10th Cir. 2007). But even if the claim were procedurally viable, the court continued, it would amount at most to harmless error, because the evidence would have been admissible after Hamilton testified. Finally, the district court considered each asserted ground for ineffective assistance of counsel and concluded the Kansas appellate court had properly disposed of the claims under S*trickland v. Washington*, 466 U.S. 668 (1984).

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). To obtain a COA, Robinson must satisfy the requirements of 28 U.S.C. § 2253(c)(2), which permits the issuance of a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." To make such a showing, an applicant must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000) (quotations omitted). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his claims. *Miller-El*, 537 U.S. at 338.

In a cogent order, the district court concluded the Kansas courts had thoroughly considered Robinson's federal claims and faithfully applied federal law in rejecting them.

- 3 -

No jurist of reason could reasonably debate the correctness of that decision. The denial of Robinson's habeas petition was proper.

We **DENY** Robinson's request for a COA and **DISMISS** this matter.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge