**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**December 5, 2023**

**Christopher M. Wolpert**
**Clerk of Court**

_____

SEAN A. GRAY,

    Petitioner - Appellant,

v.

KEVIN PAYNE, Commandant, United
States Disciplinary Barracks,

    Respondent - Appellee.

No. 23-3079
(D.C. No. 5:23-CV-03006-JWL)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **PHILLIPS**, **KELLY**, and **McHUGH**, Circuit Judges.
_____

Petitioner-Appellant Sean Gray was an active-duty member of the United

States Army. But after he pled guilty to sexually assaulting his adopted stepdaughter

and related crimes, he was dishonorably discharged and sentenced to 44 years'

confinement. Gray filed for postconviction relief under 28 U.S.C. § 2241,

challenging his court-martial convictions and sentence on ineffective-assistance-of-

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
submitted without oral argument. This order and judgment is not binding precedent,
except under the doctrines of law of the case, res judicata, and collateral estoppel. It
may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1
and 10th Cir. R. 32.1.

counsel grounds.  The district court denied his petition, so he filed this appeal.

Exercising jurisdiction under 28 U.S.C. § 1291, we affirm the district court's

judgment.

## I.    Background

In 2018, Gray pled guilty to multiple violations of the Uniform Code of

Military Justice, including sexual assault of a child, sexual assault, sexual assault

consummated by battery, assault, prejudice to good order and discipline, and failure

to obey an order.  The victim—his adopted stepdaughter—was between the ages of

13 and 16 when Gray sexually assaulted her.  At age 16, she gave birth to Gray's

biological daughter, as confirmed by DNA testing.

In exchange for Gray's plea, the Army agreed to dismiss without prejudice the

remaining charges, which included rape of a child, sexual abuse, and additional

sexual-assault and assault charges.  Those charges related to another adopted

stepdaughter and the victim's mother.  A military judge sentenced Gray to a

reduction in rank, 44 years' confinement, and a dishonorable discharge with

forfeiture of all pay and allowances.  He is confined in the United States Disciplinary

Barracks ("USDB") at Fort Leavenworth, Kansas.

Gray appealed to the United States Army Court of Criminal Appeals

("ACCA"), arguing his defense counsel provided ineffective assistance in violation

of the Sixth Amendment by advising him to plead guilty to offenses he did not

commit, to agree to an incorrect stipulation of facts, and to lie during his providence

inquiry with the military judge.  In a shift from his previous statements, he insisted

the sex with the victim was consensual and occurred only after her sixteenth birthday. The ACCA ordered his defense counsel to respond, and they provided lengthy affidavits describing their representation. Gray also submitted affidavits, and he requested a fact-finding hearing to resolve disputed questions of fact relating to his legal representation. The ACCA deemed a hearing unnecessary, rejected Gray's argument, and affirmed his conviction and sentence. *See* R.[1] at 102 ("find[ing] no unethical behavior on the part of the defense counsel and conclud[ing] their representation was not ineffective").

The United States Court of Appeals for the Armed Forces ("CAAF") denied his petition for review of the ACCA's decision. That denial concluded his direct appeal and left him with only a "narrowly circumscribed" ability to seek collateral review, *Santucci v. Commandant, U.S. Disciplinary Barracks*, 66 F.4th 844, 853 (10th Cir. 2023).[2]

In 2023, Gray filed the § 2241 habeas petition underlying this appeal in the United States District Court for the District of Kansas. His petition was based on the same ineffective-assistance claim that he raised in his military-court appeal. Before briefing was complete, he filed an opposed discovery motion seeking a transcript of a

---

[1] The record on appeal contains multiple sets of page numbers. All citations refer to the blue numbers.

[2] "Congress . . . has largely exempted the court-martial from direct Article III review." *Santucci*, 66 F.4th at 853. *Santucci* provides a helpful explanation of the process by which a servicemember can appeal a conviction within the military justice system, *id.* at 848 n.3, and the history behind the limited collateral review available in federal court, *id.* at 853-59.

phone call between another USDB inmate and the victim. During that call, the victim supposedly told the inmate that she did not want to testify but her mother made her do so. The district court denied the § 2241 petition on the ground that Gray failed to show the military justice system had failed to give full and fair consideration to his claim. It also denied Gray's discovery motion. This timely appeal followed.

## II. Analysis

### A. Reviewability and Standard of Review for Military Habeas Petitions

"Federal courts are empowered under 28 U.S.C. § 2241 to entertain habeas petitions from military prisoners. But our review of court-martial proceedings is very limited." *Santucci*, 66 F.4th at 853 (internal quotation marks omitted); *see also id.* (describing the standard of review as "deferential" and noting that "the deference we give to military tribunals is even greater than that we owe to state courts" (internal quotation marks omitted)).

To determine whether merits review of a military habeas corpus petition is appropriate, we consider four factors as articulated in *Dodson v. Zelez*, 917 F.2d 1250, 1252-53 (10th Cir. 1990):

1. "The asserted error must be of substantial constitutional dimension." *Id.* at 1252 (italics and internal quotation marks omitted).

2. "The issue must be one of law rather than of disputed fact already determined by the military tribunals." *Id.* (italics and internal quotation marks omitted).

3. There must be no "[m]ilitary considerations [that] warrant different treatment of constitutional claims." *Id.* at 1252-53 (italics and internal quotation marks omitted).

4

4. "The military courts must give adequate consideration to the issues involved and apply proper legal standards." *Id.* at 1253 (italics and internal quotation marks omitted).

The fourth factor is "the most important." *Santucci*, 66 F.4th at 858 (internal quotation marks omitted).

In *Santucci*, we clarified that "as a necessary condition for full merits review of a given claim, a petitioner must demonstrate that the resolution of *each* of the *Dodson* factors weighs in the petitioner's favor." *Id.* at 859 (emphasis added).  Only then can a petitioner "show that the military tribunals have *not* given full and fair consideration to [his] claim." *Id.*

The district court concluded that Gray had not shown he could satisfy all four *Dodson* factors.  It focused on the second and fourth factors and, finding them lacking, declined to reach the merits of his habeas petition.  We review the district court's denial of habeas relief de novo. *Id.* at 871.

## B.    The Second *Dodson* Factor

We start by assessing whether Gray's ineffective-assistance claim presents only a question of law.  The district court concluded it does not—reasoning that the ACCA reviewed multiple conflicting fact-based affidavits and "applied fact-based factors in holding that a hearing was not required to resolve those issues of fact." R. at 1154.  We agree.

5

Gray's argument on the second *Dodson* factor is hard to decipher.[3]  He seems to be saying the district court should not even have applied this factor to his claim because an ineffective-assistance claim presents a mixed question of law and fact under *Strickland v Washington*, 466 U.S. 668, 698 (1984).  But his acknowledgment that the *Strickland* standard is "in direct contradiction to the second *Dodson* factor," Aplt. Br. at 7, amounts to a concession that this factor cannot weigh in his favor. After all, it would be illogical to say that an issue reviewable under a mixed-question standard is purely "one of law," *Dodson*,  917 F.2d at 1252 (italics and internal quotation marks omitted), unless no issues of disputed fact exist.  Although Gray now insists that is the case, he told both the ACCA and the CAAF that disputed facts exist and that the factual disparity between his affidavits and his defense counsel's affidavits was "outcome determinative."  *See* R. at 56-57, 60, 165.  And he told the ACCA that a hearing was required because "disputed questions of fact [were] introduced by conflicting post-trial affidavits."  R. at 110 (capitalization standardized).

Gray also says that applying the second *Dodson* factor "to [ineffective-assistance] cases brought forth in habeas petitions by military prisoners

---

[3] Because Gray proceeds pro se, we liberally construe his pleadings and his appeal brief.  *See Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003).  But we do not act as his advocate.  *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

is, in effect, a bar to habeas and thus unconstitutional," Aplt. Br. at 9. But he presents no support for this novel argument.

Under these circumstances, Gray has not demonstrated the second *Dodson* factor weighs in his favor. Our analysis could begin and end here, given that his failure to satisfy even one factor is fatal under *Santucci*. Nevertheless, we will consider his argument on the fourth, and most important, *Dodson* factor, to reassure him that he has received full and fair consideration in this court as well.

## C.    The Fourth *Dodson* Factor

The district court found that the military courts adequately considered Gray's ineffective-assistance claim. It highlighted the ACCA's efforts to supplement the record by requesting affidavits from Gray's counsel and concluded that the ACCA's opinion shows that it rejected the claim only after a complete record analysis—thus giving full and fair consideration to his claim. Here, too, we agree.

Gray's arguments on the fourth *Dodson* factor rest on two inconsequential omissions in the district court's ruling. First, he faults the district court for not addressing the ACCA's failure to properly cite the affidavits, "which showed clear negligence in their analysis of the affidavits and therefore a lack of adequate consideration," Aplt. Br. at 5. Second, he faults the district court for not specifically addressing the CAAF's rejection of the petition for grant of review, even though it did speak broadly of "the military courts," R. at 1155. Gray might be conflating adequate consideration by the district court with adequate consideration by the military court. In any event, our independent record review shows the military courts

7

adequately considered[4] Gray's ineffective-assistance claim and applied proper legal standards. Gray has not demonstrated the fourth *Dodson* factor weighs in his favor.

## D.    Discovery and Procedural Motions

Last, we turn to Gray's argument that the district court abused its discretion in denying his motions for discovery and for an extension of time and in delaying its ruling on those motions until it resolved his habeas petition. "We review pretrial discovery rulings for abuse of discretion." *King v. PA Consulting Grp., Inc.*, 485 F.3d 577, 590 (10th Cir. 2007). "District courts are properly granted broad discretion over discovery and scheduling matters; otherwise, they would be unable to effectively manage their caseloads." *Id.* at 591. Likewise, we review a district court's denial of a motion for an extension of time for abuse of discretion. *Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1242 (10th Cir. 2010).

As Gray recognized in district court, *see* Suppl. R. at 4, habeas petitioners are not entitled to discovery as a matter of ordinary course. *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Instead, a district court has discretion to permit discovery upon a showing of good cause. *See id.* Good cause is established where "the petitioner may,

---

[4] The district court used the phrase "full and fair consideration" when discussing the fourth *Dodson* factor. *See* R. at 1155. Gray says the district court erred by using this phrase because the fourth factor references "adequate consideration." *See* Aplt. Br. at 11. We discern no meaningful error. The district court clearly assessed the adequacy of the military courts' consideration. Moreover, the aim of the *Dodson* test as a whole is to assess whether the military courts gave full and fair consideration, so that phrasing is appropriate too.

if the facts are fully developed, be able to demonstrate that he is entitled to relief." *Id.* at 909 (ellipsis and internal quotation marks omitted).

Gray's discovery motion sought a transcript of a phone call between another USDB inmate and the victim, during which the victim supposedly told the inmate that she did not want to testify but her mother made her do so. The district court found that he had not shown good cause for discovery because (1) "the alleged statement by the victim does not suggest that petitioner did not commit the crime," and (2) "the facts at issue in the discovery request do not bear on the *Dodson* factors that preclude . . . merits review." R. at 1156.

On appeal, Gray asserts that the transcript would support his ineffective-assistance claim because his attorneys would not have advised him to plead guilty had they recognized the victim's motive to fabricate and done their job effectively. But even assuming that statement is true, the district court correctly reasoned that the requested discovery has no relationship to any of the *Dodson* factors. Gray disagrees with the notion that a court must base its discovery ruling on whether the facts sought in discovery "bear on issues barring the court's review of the merits of the case." Aplt. Br. at 15. But whether the district court could review the merits of Gray's case was a threshold question, and it is axiomatic that discovery must be relevant or calculated to lead to the discovery of relevant evidence. Therefore, the district court did not abuse its discretion in denying the discovery motion.

Gray also sought an extension of time to file a traverse (i.e., a reply) in support of his habeas petition. He had filed a reply, but he wanted an opportunity to alter it

9

after the district court issued its discovery ruling.  Having denied the habeas petition and the motion for discovery, the district court logically denied the motion for an extension as moot and thus did not abuse its discretion.

## III.   Conclusion

We affirm the judgment of the district court.  We grant Gray's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court


Gregory A. Phillips
Circuit Judge