**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 3, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

JOE RICHARD BLISSIT,

    Plaintiff-Appellant,

v.

WESTLAKE HARDWARE, INC.,

    Defendant-Appellee.

No. 10-5075
(D.C. No. 4:09-CV-00058-TCK-FHM)
(N.D. Okla.)

---

**ORDER AND JUDGMENT**[*]

---

Before **HOLMES**, Circuit Judge, **McWILLIAMS**, Senior Circuit Judge, and **McKAY**, Circuit Judge.

---

In this personal injury case, plaintiff Joe Richard Blissit, proceeding pro se, appeals the district court's judgment entered upon a jury verdict in favor of defendant Westlake Hardware. We affirm.

Represented by an attorney, Mr. Blissit sued Westlake in Oklahoma state court for injuries he allegedly suffered in a fall at a Westlake Hardware store. Westlake Hardware removed the matter to federal court based on diversity of

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

citizenship. After a three-day jury trial, the jury reached a general verdict against Mr. Blissit. The district court accordingly entered judgment in favor of Westlake.

On appeal, Mr. Blissit provides an "accounting of the trial as [he] saw it." Aplt. Br. at 12. He argues that the jury reached an incorrect verdict because Westlake presented fabricated evidence and misleading argument. He also emphasizes the severity of his injuries, the extent of his economic loss, and the unfairness in Westlake's having four attorneys to his one.

A liberal construction of Mr. Blissit's pro-se argument, *see Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003), suggests that he is making an insufficiency-of-the-evidence claim. In our review, we are "limited to determining whether the record--viewed in the light most favorable to the prevailing party--contains substantial evidence to support the jury's decision." *Thunder Basin Coal Co. v. Sw. Pub. Serv. Co.*, 104 F.3d 1205, 1212 (10th Cir. 1997) (quotation omitted). We do not appraise credibility, re-weigh the evidence, draw our own inferences, or resolve conflicts in the evidence. *Id*.

Mr. Blissit's failure to provide this court with a trial transcript, record citations, and legal authority precludes a meaningful review of the jury's verdict. *See* Fed. R. App. P. 10(b)(2) ("If the appellant intends to urge on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all evidence relevant to that finding or conclusion."); Fed. R. App. P. 28(a)(7), (9)

(Appellant's brief must contain a statement of facts and an argument, "with citations to the authorities and the parts of the record on which appellant relies"). The absence of a "transcript leaves us with no alternative but to affirm." *Morrison Knudsen Corp. v. Fireman's Fund Ins. Co.*, 175 F.3d 1221, 1238 (10th Cir. 1999) (quotation omitted). "[F]ailure to provide a necessary transcript entails more than mere noncompliance with some useful but nonessential procedural admonition; it raises an effective barrier to informed, substantive appellate review." *Id.* (quotation omitted). And even if this court obtained the transcript on its own, it would be left without "any argument that might guide this court" in evaluating Mr. Blissit's appeal. *Id.*

In the district court, Mr. Blissit was represented by counsel and given the opportunity to present his case to a jury. Absent evidence to the contrary, we must assume the jury properly exercised its fact-finding authority in accordance with the legal instructions provided by the court. The judgment of the district court is AFFIRMED.

Entered for the Court

Monroe G. McKay
Circuit Judge

-3-