**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

GREGORY D. RIVERS,

    Petitioner - Appellant

v.

JUSTIN JONES,

    Respondent - Appellee

No. 11-7001

(E.D. Okla.)
(D.C. No. 6:08-CV-00380-JHP-KEW)

**ORDER DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Gregory D. Rivers, proceeding pro se,[1] seeks to appeal from the district court's

dismissal of his 28 U.S.C. § 2254 habeas petition. It also denied his request for a

certificate of appealability (COA) but granted his motion to proceed *in forma pauperis*

(*ifp*) on appeal.[2] *See* 28 U.S.C. § 2253(c)(2). Rivers has renewed his request for a COA

with this Court; we deny it.

---

[1] We acknowledge Rivers "is a layman in the fine science of law" (Appellant's Br. at 1) and, as such, liberally construe his pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

[2] For reasons that escape us, the district court granted leave to proceed *ifp* on appeal. While we would have denied the request because the appeal is frivolous, we are loath to disturb the district court's contrary order.

A jury was empaneled to try criminal charges brought against Rivers. During the trial his attorney moved for a mistrial, which was granted. The second trial was to the bench. Rivers was convicted of second degree burglary (Count 1), knowingly concealing stolen property (Count 2), attempting to elude a police officer (Count 3), and possession of a controlled substance (Count 4). Rivers, represented by different counsel, appealed to the Oklahoma Court of Criminal Appeals (OCCA). The OCCA affirmed.

Rivers then filed a pro se petition for post-conviction relief in state court claiming: (1) the trial court's declaration of a mistrial was an abuse of discretion amounting to plain error; and (2) ineffective assistance of appellant counsel. The Court denied River's petition. He appealed. The OCCA noted error it determined to be harmless but concluded Rivers' "post-conviction pleadings . . . fell short of establishing any legitimate claim of ineffective appellate counsel" and affirmed the denial of all issues in Rivers' request for post-conviction relief. (R. Vol. 1 at 69 – Appellant's Writ of Habeas Petition, Ex. F at 3.)

Rivers brought this habeas action making numerous claims:

1. Mistrial declaration at defense counsel's request without petitioner's consent violated petitioner's Sixth Amendment right to jury trial, due process, and equal protection.

2. Petitioner was deprived of the effective assistance of trial counsel, resulting in a mistrial declaration without petitioner's consent and without prior discussion with petitioner.

3. Ineffective assistance of appellate counsel.

4. Violation of the Fifth Amendment prohibition against double jeopardy.

5. Violation of the Sixth Amendment right to a speedy trial.

- 2 -

6.  Violation of due process:

    a)  The State failed to preserve evidence of the burglary and improperly entered photographs into evidence.

    b)  The evidence was insufficient to prove Concealing Stolen Property and the felony offense of Attempting to Elude a Peace Officer.

7.  Admission of police officer's testimony as to alleged "spontaneous declaration" uttered while petitioner was undergoing medical treatment violated petitioner's Fifth Amendment rights.

(R. Vol. I at 333-34 - 9/15/10 Dist. Ct. Opinion & Order at 1-2). In a thorough and cogent decision, the district court evaluated each claim and denied relief.

In his application for COA, Rivers raises only three issues: 1) ineffective assistance of state trial counsel; 2) ineffective assistance of state appellate counsel; and 3) unreasonable sentencing. The sentencing issue was not presented to the district court. Generally, we will not address issues raised for the first time on appeal. *See United States v. Mora*, 293 F.3d 1213, 1216 (10th Cir. 202). Even with a charitable reading of his pro se pleadings we see no reason to depart from our general rule in this case.[3] The ineffective assistance claims are subject to familiar requirements. A COA may be issued only upon "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

Rivers' application for a COA amounts to merely a 'taint fair claim unsupported

---

[3] He did raise the issue before the OCCA. It determined: "[W]hile the trial court imposed hefty sentences, its decision was undoubtedly influenced in leading police on a dangerous high-speed chase, and by Appellant's history of criminal violence. . . . We cannot say the court abused its discretion at sentencing." (R. Vol. 1 at 232 – OCCA 7/17/07 Summary Opinion.)

by even a single record reference or citation of authority.  Nevertheless, we have carefully reviewed the district court's meticulous and proper analysis of the issues he has raised to this Court.  We are more than confident that reasonable jurists would not find the district court's assessment of those constitutional claims debatable or wrong.  *Slack v. McDaniel*, 529 U.S. 473, 484, 120 S. Ct. 1595, 146 L.Ed.2d 542 (2000).

The application for a COA is denied and this matter is dismissed.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge