**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**September 30, 2011**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JOSE ANTONIO PRADO-DIAZ,

Defendant - Appellant.

No. 11-2037
(D.C. Nos. 1:10-CV-00931-RB-LFG &
2:04-CR-02502-RB-2)
(D. N.M.)

**ORDER DENYING LEAVE TO PROCEED**
**ON APPEAL *IN FORMA PAUPERIS*,**
**DENYING CERTIFICATE OF APPEALABILITY,**
**AND DISMISSING APPEAL**

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Jose Antonio Prado-Diaz, a federal prisoner proceeding pro se,[1] wants to appeal

from the district court's denial of his 28 U.S.C. § 2255 motion to vacate, set aside or

correct sentence. The district court denied the motion as untimely. Because that decision

is not even debatably incorrect, we deny Prado-Diaz's request for a Certificate of

Appealability (COA).

On June 10, 2005, Prado-Diaz pled guilty pursuant to a plea agreement to

possession with intent to distribute cocaine. He was sentenced to 108 months

---

[1] We liberally construe Prado-Diaz's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

imprisonment on January 12, 2006. The district court entered judgment on January 19, 2006, but mistakenly entered the date as January 19, 2005. Prado-Diaz did not immediately appeal.[2] On February 5, 2008, the court amended the judgment to reflect the correct date. It did so pursuant to Rule 36 of the Federal Rules of Criminal Procedure, which provides: "After giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment . . . or correct an error in the record arising from oversight or omission." According to Prado-Diaz, the court did not provide him notice of the amended judgment. Instead, he first learned of the amendment on July 21, 2010, when he requested and received a copy of his criminal case docket sheet. On August 30, 2010, he attempted to file a direct appeal. We dismissed the appeal as untimely on September 2, 2010.

On September 29, 2010, Prado-Diaz filed a § 2255 motion challenging his guilty plea and sentence. The motion was referred to a magistrate judge, *see* 28 U.S.C. § 636, who *sua sponte* issued an order directing Prado-Diaz to show cause why his § 2255 motion should not be dismissed as untimely as it was filed outside the one-year statute of limitations applicable to § 2255 motions. *See* 28 U.S.C. § 2255(f). Upon receiving Prado-Diaz's response, the magistrate judge directed the government to brief the timeliness issue.

The magistrate judge concluded Prado-Diaz's motion was untimely and recommended dismissal. He determined Prado-Diaz's conviction became final on

---

[2] There is some indication in the record that Prado-Diaz waived his right to appeal in his plea agreement.

February 2, 2006, when the time for filing a direct appeal expired. Therefore, the one-year statute of limitations ended on February 2, 2007, over two years before Prado-Diaz filed his § 2255 motion. The magistrate judge rejected Prado-Diaz's argument that the statute of limitations did not begin to run until July 21, 2010, when he first learned of the amended judgment. The judge determined the amendment to the judgment was to correct a clerical error which did not require notice to the parties under Rule 36 and which did not affect the date of the judgment's finality (February 2, 2006). Finally, he concluded Prado-Diaz had not established grounds for equitable tolling.

Over Prado-Diaz's objections, the district court adopted the magistrate judge's recommendation and denied the § 2255 motion. It subsequently denied Prado-Diaz's requests for a COA and to proceed *in forma pauperis* (*ifp*) on appeal.

A COA is a jurisdictional prerequisite to our review of a petition for a writ of habeas corpus. *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003). We will issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When[, as here,] the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). In evaluating whether an applicant has satisfied this burden, we undertake "a preliminary, though not definitive, consideration of the [legal] framework" applicable to each of his

claims. *Miller-El*, 537 U.S. at 338.

In cogent orders, the magistrate judge and district court thoroughly and correctly addressed and resolved the timeliness issue. As no jurist of reason could reasonably debate the correctness of the district court's decision, we **DENY** the request for a COA and **DISMISS** this matter. We **DENY** Prado-Diaz's motion to proceed *ifp* on appeal.

**Entered by the Court:**

**Terrence L. O'Brien**
United States Circuit Judge