FILED
United States Court of Appeals
Tenth Circuit

November 3, 2011

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

RONALD J. NAGIM,

        Plaintiff–Appellant,

    v.

EQUIFAX INFORMATION SERVICES,
LLC; EXPERIAN INFORMATION
SOLUTIONS, INC.; TRANSUNION,
LLC,

        Defendants–Appellees.

No. 11-1233

(D.C. No. 09-CV-02428-PAB-KLM)

(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

After examining the briefs and the appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). This case is therefore ordered submitted without oral argument.

Plaintiff, appearing pro se,[1] appeals the grant of summary judgment in favor of Defendants. We have jurisdiction pursuant to 28 U.S.C. § 1291, and after a thorough

---

[*] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

[1] We liberally construe Plaintiff's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

review of the record, we affirm the district court's order.

On October 15, 2005, Plaintiff Ronald J. Nagim filed for bankruptcy, which discharged some of his credit accounts.  Almost four years later, Plaintiff filed a complaint against Defendants, three credit reporting agencies (CRAs), alleging Defendants had violated the Fair Credit Reporting Act (FCRA), 15 U.S.C. § 1681, *et seq.*, by including inaccurate information on Plaintiff's credit report and improperly depressing his credit scores.  This allegedly inaccurate information included an account that was discharged in Plaintiff's bankruptcy and references to the bankruptcy in general.  All three defendants moved for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure and a magistrate judge held that summary judgment was proper. Additionally, after Plaintiff had requested an expert be appointed, the magistrate judge denied his request.  After the district court found that Plaintiff had filed timely objections, it accepted the recommendation of the magistrate judge and granted summary judgment.[2] Plaintiff appealed.

We review a district court's grant of summary judgment de novo.  *Mickelson v. N.Y. Life Ins. Co.*, 460 F.3d 1304, 1310 (10th Cir. 2006).  This standard requires "[w]e view the evidence, and draw reasonable inferences therefrom, in the light most favorable

---

[2] "This court has adopted a firm waiver rule under which a party who fails to make a timely objection to the magistrate judge's findings and recommendations waives appellate review of both factual and legal objections."  *Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005).  While we find it difficult to decipher an objection that is sufficiently specific from Plaintiff's "Opposition of Summary Judgment," in light of his pro se status we too will consider his submission a timely objection to the magistrate's recommendation.

to the nonmoving party." *Id*. Summary judgment is available "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "The relevant inquiry is whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Simpson v. Univ. of Colo. Boulder*, 500 F.3d 1170, 1179 (10th Cir. 2007) (quotations omitted).

As did the district court, we construe Plaintiff's allegations to raise claims pursuant to the FCRA, specifically §§ 1681e and 1681i.[3] Plaintiff's claims seem to arise out of his belief that the FCRA and unspecified bankruptcy laws restrict consumer reporting agencies from including any information relating to bankruptcy and discharged or closed accounts. To put it simply, Plaintiff is mistaken. Defendants have provided evidence that Plaintiff's credit reports were accurate at all times and that they followed proper procedures in reinvestigating the information Plaintiff claimed was inaccurate. Plaintiff's submissions, exhibits, and deposition testimony have failed to contest Defendant's evidence. There is therefore no genuine issue as to any material fact relating to the accuracy of Plaintiff's credit reports. Similarly, Defendants have provided evidence they did not depress Plaintiff's credit scores in retaliation for his repeated requests to correct his credit reports, and Plaintiff has failed to refute such evidence.[4]

---

[3] Contrary to Plaintiff's assertions otherwise, the magistrate judge's recommendation is comprehensive, thorough, and careful. We have little to add.

[4] We are in receipt of, and have read, Plaintiff's recent "Motion to Show Cause" submitted to this court wherein Plaintiff argues the magistrate judge "completely ignored"

In short, Plaintiff has provided absolutely no competent summary judgment evidence. Accordingly, we **AFFIRM** the district court's grant of summary judgment in favor of Defendants.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge


---

an exhibit he submitted in support of his motion to have the court appoint an expert. In fact, the magistrate judge did consider this exhibit when it denied Plaintiff's motion on the ground that the issues in the case were not complex or scientific enough to warrant court appointment of an expert. The magistrate judge also concluded that, to the extent Plaintiff's motion was intended as an attempt to designate experts, the designation was insufficient to meet the requirements of Rule 26(c)(2). We see no error in the magistrate judge's denial of Plaintiff's motion on these grounds.