FILED
United States Court of Appeals
Tenth Circuit

November 23, 2011

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

TENTH CIRCUIT

DAVID CORDOVA,

        Petitioner–Appellant,

v.

JAMES JANECKA, Warden; GARY
KING, Attorney General for the State
of New Mexico,

        Respondents–Appellees.

No. 11-2171
(D.C. No. 09-CV-00821-MV-WPL)
(D. New Mexico)

ORDER DENYING CERTIFICATE OF APPEALABILITY[*]

Before **O'BRIEN**, **McKAY**, and **TYMKOVICH**, Circuit Judges.

Petitioner seeks a certificate of appealability to appeal the district court's

denial of his § 2254 habeas petition. A state jury convicted Petitioner of

residential burglary and larceny over $2500, and the trial judge sentenced him to

fourteen years in prison. Petitioner appealed his conviction, lost, and then filed a

pro se petition for writ of habeas corpus in state court raising claims of

prosecutorial misconduct and ineffective assistance of counsel. The state district

[*] This order is not binding precedent except under the doctrines of law of
the case, res judicata, and collateral estoppel. It may be cited, however, for its
persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

court dismissed Petitioner's claims, and the New Mexico Supreme Court denied his petition for writ of certiorari. Petitioner then filed this pro se[1] § 2254 habeas petition, which raises three claims: (1) the admission of prior bad act evidence and prosecutorial misconduct prejudiced his trial, (2) the evidence was insufficient to find that the value of the property exceeded $2500, and (3) he received ineffective assistance of counsel. The magistrate judge recommended dismissal of Petitioner's claims, and after conducting a de novo review, the district court adopted the magistrate judge's findings, dismissed Petitioner's claims, and denied a certificate of appealability.

To appeal the denial of his habeas petition, Petitioner must obtain a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1). In denying Petitioner's habeas petition, the magistrate judge concluded, and the district court agreed, that the admission of prior felony convictions and any perceived prosecutorial misconduct did not render the trial fundamentally unfair in light of the overwhelming evidence supporting the burglary charge. The magistrate judge also concluded that there was sufficient evidence for the jury to infer that the market value of the items taken exceeded $2500. Further, the magistrate judge concluded that Petitioner failed to offer sufficient evidence to support his ineffective assistance of counsel claim. While we agree with the magistrate judge

_____

[1] We liberally construe Plaintiff's pro se filings. *See Ledbetter v. City of Topeka, Kan.*, 318 F.3d 1183, 1187 (10th Cir. 2003).

that this is a close case, we also agree with the proposed findings and recommended disposition, and have nothing to add.

After carefully reviewing Petitioner's brief and the record on appeal, we conclude that reasonable jurists would not debate whether the district court erred in dismissing the petition.  *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).  We therefore **DENY** the application for a certificate of appealability and **DISMISS** the appeal.

ENTERED FOR THE COURT


Monroe G. McKay
Circuit Judge