FILED
United States Court of Appeals
Tenth Circuit

May 1, 2017

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

HARJASPAL SINGH,

    Plaintiff - Appellant,

v.

U.S. BANK NATIONAL ASSOCIATION;
BANK OF AMERICA NATIONAL
ASSOCIATION,

    Defendants - Appellees.

No. 16-2257
(D.C. No. 1:16-CV-00579-WJ-WPL)
(D. N.M.)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **HOLMES**, and **PHILLIPS**, Circuit Judges.

Facing foreclosure, Harjaspal Singh sent an untimely notice of rescission to

the bank that acquired his home mortgage loan. The bank did not respond, so

Mr. Singh filed this lawsuit, seeking a declaration that he rescinded his loan under the

Truth in Lending Act ("TILA"), 15 U.S.C. §§ 1601–1667f, as well as the return of all

loan payments made before the purported rescission. The district court dismissed his

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously to honor the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

complaint under Fed. R. Civ. P. 12(b)(6). Exercising jurisdiction under 28 U.S.C. § 1291, we affirm.

In September 2004, Mr. Singh obtained a $124,000 home loan from BNC Mortgage, Inc. The loan was evidenced by a promissory note and secured by a mortgage on real property in New Mexico. The note and mortgage have changed hands several times—most recently, from Bank of America, National Association ("Bank of America") to U.S. Bank National Association ("U.S. Bank").[1] Mr. Singh defaulted, so U.S. Bank initiated judicial foreclosure proceedings in New Mexico state court in 2015. Those proceedings are still pending.

In an effort to avert foreclosure, Mr. Singh tried to rescind his loan. The record does not contain a copy of his notice of rescission, however, and Mr. Singh has been inconsistent regarding the date of the notice, the recipient(s), and even the location of the property. *See, e.g.*, R. at 6 (complaint) (notice received by both banks on May 11, 2016); R. at 50 (plaintiff's motion for summary judgment) (notice received by Bank of America on May 11, 2015); R. at 55 (affidavit by Mr. Singh) (notice sent to Bank of America on December 4, 2015); *see also* R. at 7-8 (listing the property's location in the complaint as 11100 Apache Ave. NE, Albuquerque, New Mexico 87112); R. at 55 (listing the property's location in the affidavit as

---

[1] Mr. Singh names both entities as defendants-appellees, separately and in their individual capacities. The appellees represent that U.S. Bank is the successor to Bank of America and the current owner of the loan. The resolution of this appeal does not rest on the banks' relationship or respective rights, so we refer generally to "the bank" when the entity's identity is unclear. We refer to "the banks" when the defendants-appellees acted jointly.

2

8 Piňon Hills Road, Edgewood, New Mexico 87015).  In any event, the bank did not respond.

Next, Mr. Singh filed a pro se complaint in federal district court.  His first claim was for rescission.  He labeled this claim a request for judicial notice.  In substance, though, he asked for a declaratory judgment that his promissory note and mortgage were "terminated, released, void and invalid" because the bank did not respond within 20 days of receiving the notice of rescission, per § 1635(b).  R. at 10.  His second claim was for restitution of his loan payments to date under § 1640(a), which prescribes damages for any creditor who fails to comply with § 1635's statutory rescission requirements.

The banks moved to dismiss under Fed. R. Civ. P. 12(b)(6), while Mr. Singh moved for summary judgment under Fed. R. Civ. P. 56.  The district court granted the motion to dismiss on three grounds: (1) TILA's rescission provisions do not apply to residential mortgage transactions because § 1635(e)(1) exempts them; (2) the rescission claim is time-barred under § 1635(f) of TILA; and (3) tender is an element of a TILA claim, yet Mr. Singh did not plead tender of the loan proceeds back to the bank.[2]  The court then denied Mr. Singh's summary judgment motion as moot.  Mr. Singh timely appealed the Rule 12(b)(6) dismissal.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v.*

---

[2] Because these grounds were sufficient, the district court declined to consider whether Mr. Singh's failure to bring the rescission claim as a compulsory counterclaim precluded him from bringing it within the federal lawsuit.

*Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted). Applying this standard, the district court concluded Mr. Singh had no right of rescission under § 1635 of TILA and therefore failed to state a plausible claim for damages under § 1640(a). We review the resulting Rule 12(b)(6) dismissal de novo. *SEC v. Shields*, 744 F.3d 633, 640 (10th Cir. 2014). "Because [Mr. Singh] proceeds pro se, we construe his pleadings liberally." *Ledbetter v. City of Topeka*, 318 F.3d 1183, 1187 (10th Cir. 2003). We "can affirm the district court's dismissal on any ground sufficiently supported by the record." *GF Gaming Corp. v. City of Black Hawk*, 405 F.3d 876, 882 (10th Cir. 2005). We affirm based on the exemption for residential mortgage transactions.

Section 1635 of TILA allows consumers to rescind a loan under certain circumstances. But subsection (e)(1) specifically exempts residential mortgage transactions: "This section does not apply to . . . a residential mortgage transaction . . . ." § 1635(e)(1); *see also* 12 C.F.R. § 226.23(f)(1) ("The right to rescind does not apply to . . . [a] residential mortgage transaction."). Within TILA, a "residential mortgage transaction" is defined as "a transaction in which a mortgage . . . is created or retained against the consumer's dwelling to finance the acquisition or initial construction of such dwelling." 15 U.S.C. § 1602(x) (formerly codified at 15 U.S.C. § 1602(w)).

Mr. Singh does not dispute the residential character of his mortgage transaction, nor does he claim to have obtained the mortgage for any reason other than to acquire the underlying property. Even viewing the complaint's allegations in

4

the light most favorable to Mr. Singh, the exemption within § 1635(e)(1) bars him from rescinding his home loan and receiving a statutory damage award under TILA.

Because Mr. Singh's claims for rescission and statutory damages are not facially plausible in light of the TILA exemption for residential mortgage transactions, we affirm the Rule 12(b)(6) dismissal.

Entered for the Court

Jerome A. Holmes
Circuit Judge