**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ROGER DALE BAARS, JR.,

     Plaintiff - Appellant,

v.

RICK RAEMISCH, Executive Director of
Colorado Department of Corrections;
MARY CARLSON, Head of Time/Release
Operation for the Colorado Department of
Corrections,

     Defendants - Appellees.

No. 19-1451
(D.C. No. 1:19-CV-01636-LTB-GPG)
(D. Colo.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **BRISCOE**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff Roger Dale Baars Jr., a Colorado state prisoner appearing pro se,

appeals the district court's judgment in favor of Defendants on claims he brought

_____

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal.  *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G).  The case is therefore
ordered submitted without oral argument.  This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel.  It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

pursuant to 42 U.S.C. § 1983 concerning the calculation of his parole-eligibility date.[1]  We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.

I.

Plaintiff believes that the Colorado Department of Corrections ("CDOC") miscalculated his parole eligibility date ("PED").  Plaintiff contends that pursuant to Colorado Revised Statute § 17-22.5-403, he was eligible for parole after serving fifty percent of his sentence—which occurred on August 29, 2016.  Instead, CDOC told Plaintiff that he is ineligible for parole until he serves seventy-five percent of his sentence—an extension of more than ten years beyond August 2016.

Plaintiff filed this § 1983 action, arguing that CDOC has refused to perform its "non-discretionary, statutory duty and render a correct calculation of the Petitioner's PED" in violation of his Fourteenth Amendment due process rights.  To be clear, Plaintiff does not request that we order CDOC to give him parole.  Rather, Plaintiff seeks compensation for CDOC's alleged failure to calculate a statutorily correct PED and present him to the Colorado Parole Board for consideration.

The district court referred Plaintiff's case to a magistrate judge who recommended that the district judge dismiss Plaintiff's amended complaint with prejudice for failure to state an arguable claim for relief.  Plaintiff filed objections. The district court thereafter adopted the magistrate judge's report and

---

[1] We grant Plaintiff's motion to proceed in forma pauperis on appeal but remind him of his obligation under 28 U.S.C. § 1915(b)(1)–(2) to continue making partial payments until he has paid his filing fee in full.

recommendation and dismissed the action with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff timely appealed.

## II.

Because Plaintiff proceeds pro se, "we construe his pleadings liberally." Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003). "We review de novo the district court's decision to dismiss an IFP complaint under 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim." Kay v. Bemis, 500 F.3d 1214, 1217 (10th Cir. 2007).

## III.

The Fourteenth Amendment's Due Process Clause provides that no state shall "deprive any person of life, liberty, or property, without due process of law." U.S. Const. amend. XIV, § 1. A person must establish that one of these rights is at stake to invoke this procedural protection. Wilkinson v. Austin, 545 U.S. 209, 221 (2005). "A liberty interest may arise from the Constitution itself, by reason of guarantees implicit in the word 'liberty,' or it may arise from an expectation or interest created by state laws or policies." Id. (citations omitted).

Plaintiff attempts to invoke a liberty interest in having the CDOC correctly calculate his PED.[2] He argues that Colorado Revised Statute § 17-22.5.403(1)

---

[2] We note Plaintiff does not invoke a liberty interest in parole itself. He recognizes that the Supreme Court has long held that "there is no constitutional or inherent right of a convicted person to be conditionally released before the expiration of a valid sentence." Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979).

3

eliminated CDOC's discretion in determining a PED and has therefore created a protected liberty interest by placing substantive limitations on official discretion.

We disagree and hold that "absent an overarching right to parole, the mere fact that the process used to determine a PED is (allegedly) nondiscretionary is insufficient to create a liberty interest that the Due Process Clause protects." Fetzer v. Raemisch, No. 19-1200, 2020 WL 729531, at *2 (10th Cir. 2020) (unpublished). The Supreme Court has explained that what Wilkinson meant by an "expectation or interest" was "a present and legally recognized substantive entitlement." Kerry v. Din, 135 S. Ct. 2128, 2137 (2015) (plurality opinion). "Process is not an end in itself." Olim v. Wakinekona, 461 U.S. 238, 250 (1983). Rather, its "constitutional purpose is to protect a substantive interest to which the individual has a legitimate claim of entitlement." Id. Plaintiff ultimately desires parole, but he even concedes that he has no legitimate claim of entitlement to parole. "He therefore has no subsidiary liberty interest in the process used to determine his PED, even if that process involves a nondiscretionary calculation." Fetzer, 2020 WL 729531, at *3; see also Elliott v. Martinez, 675 F.3d 1241, 1245 (10th Cir. 2012) ("[A]n entitlement to nothing but procedure cannot be the basis for a liberty . . . interest.").

AFFIRMED.

Entered for the Court


Joel M Carson III
Circuit Judge

4