**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**February 9, 2021**

**Christopher M. Wolpert**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ALVIN PARKER,

      Plaintiff - Appellant,

v.

JOE ALLBAUGH,

      Defendant - Appellee.

No. 19-6177
(D.C. No. 5:19-CV-00398-D)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **CARSON**, Circuit Judges.
_____

Plaintiff Alvin Parker is an Oklahoma state prisoner at the Dick Connor

Correctional Center ("DCCC"). Appearing pro se, Plaintiff filed a 42 U.S.C. § 1983

action against the Director of the Oklahoma Department of Corrections ("ODOC"),

Defendant Joe Allbaugh, for allegedly violating his "First Amendment right of access

to the courts." Plaintiff alleges Defendant impeded his ability to petition for

certiorari in an earlier 28 U.S.C. § 2241 habeas action. The district court dismissed

---

[*] After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist in the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

the action and Plaintiff timely appealed. We exercise jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

## I.

Plaintiff is no stranger to the United States Supreme Court. In the past, Plaintiff often sought relief from the United States Supreme Court—so much so that the Court found his litigation tactics abusive. To prevent Plaintiff from engaging in more abusive filing, the Court, in Parker v. Oklahoma, 540 U.S. 978 (2003), issued an Order ("2003 Order") directing the Clerk to reject Plaintiff's future petitions in noncriminal matters unless he paid the Court's Rule 38 docketing fee and complied with its Rule 33 formatting requirements.

The events underlying this appeal occurred when Plaintiff tried to petition for a writ of certiorari ("Petition") with the Supreme Court seeking review of this Court's decision in Parker v. Allbaugh, Case No. 18-5115. Normally, because Plaintiff is indigent and incarcerated, the Supreme Court would have allowed him to file a single petition, without prepaying a filing fee. But because the Court had adjudged him an abusive litigant, Plaintiff cannot seek relief from the Supreme Court in noncriminal matters without paying a docketing fee and complying with Supreme Court Rule 33.1, which requires, among other things, that he submit his brief in bound format along with forty copies.

---

[1] We grant Plaintiff's motion to proceed in forma pauperis on appeal but remind him of his obligation under 28 U.S.C. § 1915(b)(1)–(2) to keep making partial payments until he has paid his filing fee in full.

In pursuing a writ of certiorari, Plaintiff first asked the DCCC to produce his briefs in bound format. But the DCCC was unable to produce Plaintiff's petition in booklet form, so he sought permission from the Supreme Court to file his petition without booklets. Plaintiff also asked the prison librarian to inform the Supreme Court that the prison could not produce his petition in booklet form—which she did. Despite these efforts, the Supreme Court required Plaintiff to comply with Rules 33 and 38.

Plaintiff submitted a grievance to the DCCC Warden stating that he had requested the law library contact the Supreme Court about his inability to comply with the 2003 Order and had not received copies of any correspondence proving that it had done so. In his grievance, Plaintiff also requested that ODOC advance him funds to pay a third-party vendor who could prepare his Petition in a booklet format. The Warden responded that DCCC staff had spoken with the U.S. Supreme Court Clerk's Office and referred Plaintiff to the resources in the law library explaining how to file a petition for certiorari in non-booklet format. Later that month, the Supreme Court notified Plaintiff by mail it would not waive the Rule 33.1 filing requirements.

Plaintiff appealed the Warden's grievance response and, again, requested that ODOC advance him funds to pay a third-party vendor to prepare his Petition in a booklet format. The administrative reviewing authority denied his appeal. The ninety-day period allowed by the Supreme Court for seeking a writ of certiorari expired without Plaintiff submitting his brief.

Having lost his right to seek certiorari review, Plaintiff then filed a complaint in the district court alleging Defendant violated his "First Amendment right of access to the courts." Plaintiff alleged Defendant knew, from Plaintiff's grievance appeal, that the DCCC law library was inadequate and failed to cure this inadequacy by advancing Plaintiff funds to have a third party bind his briefs. Defendant moved to dismiss and the magistrate judge recommended the motion be granted because: (1) Plaintiff's complaint did not show Defendant personally participated in the underlying First Amendment Claim; and (2) Defendant was entitled to qualified immunity.

The district court accepted the magistrate judge's recommendations over Plaintiff's objections. It dismissed Plaintiff's official-capacity action *without* prejudice and his individual-capacity action *with* prejudice. This timely appeal regarding the individual-capacity action followed.

## II.

A district court may grant a motion to dismiss when the plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a motion to dismiss, a complaint must present factual allegations that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). A cause of action should be dismissed "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief." Id. at 558.

We review *de novo* the district court's grant of a motion to dismiss pursuant to Federal Rule of Civil Procedure ("Rule") 12(b)(6). Teigen v. Renfrow, 511 F.3d

4

1072, 1078 (10th Cir. 2007).  Because Plaintiff proceeds pro se, "we construe his pleadings liberally."  Ledbetter v. City of Topeka, Kan., 318 F.3d 1183, 1187 (10th Cir. 2003).  But this "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim be based."  Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.

"Individual liability under § 1983 must be based on personal involvement in the alleged constitutional violation."[2]  Foote v. Spiegel, 118 F.3d 1416, 1423 (10th Cir. 1997) (citing Grimsley v. MacKay, 93 F.3d 676, 679 (10th Cir. 1996)).  "The 'denial of a grievance, by itself without any connection to the violation of constitutional rights alleged by plaintiff, does not establish personal participation under § 1983.'"  Stewart v. Beach, 701 F.3d 1322, 1328 (10th Cir. 2012) (quoting Gallagher v. Shelton, 587 F.3d 163, 1069 (10th Cir. 2009)).

Before the district court, Plaintiff never alleged facts establishing that Defendant personally engaged in an activity that led to a constitutional violation beyond having notice of the alleged violation.  Plaintiff contends that his grievance appeal put Defendant on notice of his alleged constitutional violation and Defendant refused to change ODOC's access to courts policy so he could petition for certiorari.  In Plaintiff's view, although Defendant did not personally deny Plaintiff's grievance

---

[2] Plaintiff's complaint sought relief against Defendant in both his official and individual capacity.  The district court dismissed his official capacity claim without prejudice.  Plaintiff's brief does not present argument for reversal of the dismissal of the official capacity claim.  As a result, we do not consider it.

appeal, Defendant designated the recipient of the appeal to provide an answer and therefore knew of the alleged constitutional violation.  We disagree.

It is well-settled in this circuit that the denial of a grievance does not adequately establish personal participation.  <u>Stewart</u>, 701 F.3d at 1328.  And here, Defendant was even *more* removed from any alleged constitutional violations because, as Plaintiff recognized, Defendant did not personally deny the grievance appeal.  Thus, Plaintiff failed to state a plausible § 1983 claim against Defendant.[3] The district court properly dismissed Plaintiff's individual action with prejudice.

AFFIRMED.

Entered for the Court


Joel M. Carson III
Circuit Judge

---

[3] Because we affirm the district court on this ground, we need not address its alternative qualified immunity holding.